### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

### HONORABLE GARY L. SHARPE

### UNIFORM PRETRIAL SCHEDULING ORDER

—————————————————————

**NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD,**

                              **Plaintiff,**

       **vs.**                                          **Civil No.  1:09-CV-401
                                                         (GLS/DRH)**

**MICHAEL W. DAWSON, et al.,**

                              **Defendants.**

—————————————————————

        Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of counsel regarding a schedule for the progression of the case,

        **IT IS ORDERED** that:

**1.  THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERCEDE THE DEADLINES SET FORTH IN FED. R. CIV. P. 26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.  *See* Fed. R. Civ. P. 16(b).**

**2.  VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1(b)2 and are to be made returnable before the assigned Magistrate Judge.

**3.  JURISDICTION MOTIONS** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1(b)(1) (unless a party who is not an attorney is appearing *pro se*, in which case L.R. 7.1(b)(2) should be followed) and are to be made

**1**

returnable before Judge Sharpe.

**4.  JOINDER OF PARTIES:**  Any application to join any person as a party to this action shall be made on or before   **December 1, 2009**  .

**5.  AMENDMENT OF PLEADINGS:**  Any application to amend any pleading in this action shall be made on or before **December 1, 2009** .

**6.  DISCOVERY**:  All discovery in this matter is to be **completed** on or before **February 1, 2010** .  Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off.  *See* Local Rule 16.2 (Discovery Cut-Off).

> **Special procedures for management of expert witnesses:**
>
> There will be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.
>
> **A.  Expert Reports**.  With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:
>
> > **(1)**  No later than **90 days prior to the discovery deadline** set in paragraph 6 above, **PLAINTIFF(S)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).
> >
> > **NOTE:**  When a treating physician is expected to be called as a witness, he or she must also be identified in accordance with this rule.  The production of written reports prepared by a treating physician, pursuant to Fed. R. Civ. P. 26(a)(2)(B), is encouraged as an aid to settlement, but not required.  (See Notes of Advisory Committee on Rules 1993 Amendment).
> >
> > **(2)**  No later than **45 days prior to the discovery deadline** set in paragraph 6 above, **DEFENDANT(S)** shall identify any

expert(s) and, unless waived, shall serve on the other parties

the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(3)  No later than, **30 days prior to the discovery deadline** set in paragraph 6 above, **ALL PARTIES** must identify all experts who will contradict or rebut evidence on the same subject matter identified by another party under subparagraphs 6(a)(1) and (2) above and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**(4)  No deposition of experts shall be taken until AFTER the exchange of the expert reports, UNLESS THE PARTIES AGREE.**

(5)  Motions to preclude expert witness testimony must  be filed and served on or before the dispositive motion deadline as set forth in paragraph 7 below.

**B.**  The failure to comply with the deadlines set forth in subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**C.**  In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in paragraph 11(B)(2) below for use at trial.  In the absence of same the trial will proceed without such testimony.

**7.  MOTIONS** other than those made under paragraphs 2 and 3 above are to be **filed on or before  April 1, 2010   .**

NOTE:  **If no dispositive motion(s) are filed**, the motion filing deadline becomes the Trial Ready Date.  (*See* Trial Date at paragraph 8A below).  **If dispositive motion(s) are filed and the motion deadline has expired**, the Trial Ready Date is the date upon

which the motion decision is issued. (*See* Dispositive Motions at paragraph 8(b) below).

**A. NON-DISPOSITIVE MOTIONS.** Non-dispositive motions (except venue motions - paragraph 2 above - and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1(d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1(b)(2) and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before Judge Sharpe unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**B. DISPOSITIVE MOTIONS:** Dispositive motions shall be filed in accordance with Local Rule 7.1(b) and shall be made returnable before Judge Sharpe.

## 8. TRIAL DATE:

**A. When no dispositive motion is filed**, the motion filing deadline becomes the trial ready date. The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date. Counsel may contact Judge Sharpe's Courtroom Deputy Clerk, at any time, to request that a settlement conference or trial date be scheduled.

**B. When a dispositive motion is filed and the motion filing deadline has expired**, the case is marked trial ready upon issuance of the motion decision. PLAINTIFF'S COUNSEL shall contact Judge Sharpe's Courtroom Deputy Clerk within one week after receiving the Court's decision on the motion to request a scheduling conference. Any request for an extension of the Rule 16 uniform pretrial order deadline(s) will be addressed by Judge Sharpe at the time of the

conference.

**C.  When a dispositive motion is filed and the motion filing deadline HAS NOT expired**, the case will continue on the pretrial schedule previously set in the Rule 16 uniform pretrial scheduling order.  Any request for an extension of the Rule 16 uniform pretrial order deadline(s) must be addressed by the assigned Magistrate Judge.

It is anticipated that the trial will take approximately **two  (2)**   day(s) to complete.

This is a _____ (jury)   X   (non-jury) trial.

**8.1  <u>Witness Availability for Trial</u>:** The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

**9.  <u>SETTLEMENT CONFERENCE</u>:**  A settlement conference may be scheduled at the Court's direction or by the request of counsel AT ANY TIME. In addition to counsel, a representative of each party with **settlement authority** shall attend the settlement conference OR be available by telephone.  A PRETRIAL/SETTLEMENT CONFERENCE STATEMENT FORM IS ATTACHED AND SHOULD BE SUBMITTED TO THE COURTROOM DEPUTY CLERK'S ATTENTION *ONE WEEK* PRIOR TO THE SCHEDULED CONFERENCE.

**10.  <u>ASSESSMENT OF JUROR COSTS</u>:** The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it

will be unnecessary for them to attend.

## 11. <u>PRETRIAL SUBMISSIONS</u>:

**Unless otherwise noted, all represented parties shall electronically file and serve all pretrial submissions in accordance with General Order #22, ¶ 5. *Pro se* parties are specifically exempt from the mandatory electronic filing requirement and should continue to file documents traditionally in accordance with the procedures set forth in General Order #22. *See* ¶¶ 1.2, 2.1.2, and 12.1.**

**<u>Non-Jury Trials</u>: One week before the Final Pretrial Conference date**, counsel shall, except as noted, electronically file and serve the following:

- Joint Pretrial Stipulation (*see* subparagraph A below)
- All non-video-taped depositions to be used at trial (*see* subparagraph E below)
- All video-taped depositions to be used at trial (see subparagraph E below) shall be filed "traditionally" (*see* General Order #22, ¶¶ 1.2, unnumbered paragraph foll. 2.1.6)
- Prepared Findings of Fact and Conclusions of Law
- Witness List (*see* subparagraph B(1) below)
- Exhibit List (*see* subparagraph C(1) below)
- Trial Brief concerning evidentiary issues (*see* subparagraph F below)
- Motions in Limine (*see* subparagraph D below), except motions to preclude expert testimony must be filed on or before the dispositive motion filing deadline (*see* paragraph 6(A)(5))

**<u>Jury Trials</u>: One week before the Final Pretrial Conference date**, counsel shall, except as noted, electronically file and serve the following:

- Joint Pretrial Stipulation (*see* subparagraph A below)
- Court Ordered Voir Dire - Attachment #1
- Proposed Voir Dire
- Witness Lists (*see* subparagraph B(1) below)
- Exhibit Lists (*see* subparagraph C(1) below)
- Trial Brief (*see* subparagraph F below)

**6**

- Requests to Charge and a proposed Special Verdict Questionnaire shall be **traditionally** filed with the Clerk's Office and served upon opposing counsel on a 3.5-inch computer disk, preferably in WordPerfect format (*see* subparagraph G below)
- All non-video-taped depositions to be used at trial (*see* subparagraph E below)
- All video-taped depositions to be used at trial (*see* subparagraph E below) shall be filed "traditionally" (*see* General Order #22, ¶¶ 1.2, unnumbered paragraph foll. 2.1.6)
- Motions in Limine (*see* subparagraph D below), except motions to preclude expert testimony must be filed on or before the dispositive motion filing deadline (*see* paragraph 6(A)(5))

**A.  PRETRIAL STIPULATIONS:**  A joint pretrial stipulation shall be subscribed by counsel for all parties, shall be electronically filed and served, and shall contain:

    **(1)**  The basis of federal jurisdiction;

    **(2)**  A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

    **(3)**  Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

**B.  WITNESSES:**

    **(1)  One week before the Final Pretrial Conference date**, counsel shall electronically file and serve the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes:

        **(a)**  The name and, if not previously provided, the address (city only) and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if

**7**

the need arises, as well as a brief summary of the testimony to be offered by each witness.

> **Note: Personal Privacy Protections may apply to disclosure of this information.  *See* Local Rule 8.1; General Order #22, ¶¶ 2.1.3, 11.1-11.2 and 12.2.**

**(b)**  The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(2)**  The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.  (Please refer to the attached instruction sheet for the use of video-taped depositions.)  **NOTE: Pursuant to paragraph 8A above, the trial ready date may be advanced to the motion filing deadline if no dispositive motions are filed.**

**C.  <u>EXHIBITS</u>:** All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs.  A complete set of copies of the exhibits shall be presented to Judge Sharpe's Deputy Courtroom Clerk at the beginning of the trial.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **<u>NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE</u>.** All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **<u>BINDERS</u>** with each document properly marked at the lower right corner for identification purposes as directed below.  In voluminous cases,

**8**

consult with Judge Sharpe's Courtroom Clerk for the proper procedure to follow.

**NOTE**:  **During the course of trial the Deputy Courtroom Clerk shall take charge of exhibits which are <u>received into evidence</u>. At the conclusion of the trial, the Courtroom Deputy Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

     (1)  <u>**EXHIBIT LISTS**</u>**: One week before the Final Pretrial Conference date**, counsel shall electronically file and serve an Exhibit List.  The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order.  Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank.

     (2)  <u>**EXHIBIT MARKERS**</u>**:** Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.  Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

**(D)  MOTIONS IN LIMINE:  One week before the Final Pretrial Conference date**, counsel shall electronically file and serve any motions in limine, citing the applicable rules of evidence and case law.  Counsel shall file any response to a motion in limine no later than **three days before the Final Pretrial Conference date**.  **MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.**

> **Note:** Motions to preclude expert testimony must be filed on or before the dispositive motion filing deadline (*see* paragraph 6(A)(5)).

**(E)  DEPOSITIONS:  One week before the Final Pretrial Conference date**, counsel shall electronically file all non-video taped depositions to be used at trial, and traditionally file all video-taped depositions to be used at trial.  To the extent possible, objections are to be resolved between the parties.  Areas of unresolved disagreement shall be presented to the Court for ruling at the Final Pretrial Conference.  (See attached instruction sheet for use of video-taped depositions.)

**(F)  TRIAL BRIEFS:  One week before the Final Pretrial Conference date**, counsel shall electronically file and serve a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise.

**(G)  REQUESTS TO CHARGE:  One week before the Final Pretrial Conference date** counsel shall ***traditionally*** file with the Clerk's Office and serve upon opposing counsel a request to charge and a proposed Special Verdict Questionnaire on a 3.5-inch computer disk, preferably in WordPerfect format.  The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues.  The Court has the usual boilerplate charge.

**(H)  <u>Alternate Dispute Resolution</u>:**

**This action has been "Opted Out" of the district's ADR program.**

Dated:  August 13, 2009

_____
United States Magistrate Judge

**11**

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:

ATTACHMENT #(1)

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO
BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES
TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF
EXPERTISE.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF
ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE
DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY
COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

--------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure
to provide this information will be explained to the jury as to the extent of the
delay and the attorney causing same and if the delay causes a one (1) day or
more postponement of this trial, appropriate monetary sanctions will be imposed
by the Court.

Submitted by:
Date:

**14**

FINAL PRETRIAL ORDER  -  CONTINUED...

## INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE TIME OF TRIAL. ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY DATE. NOT EARLIER THAN ONE WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO THE TRIAL READY DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED. TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES. COUNSEL SHALL SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING PRIOR TO THE TRIAL READY DATE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND TELEVISION FOR USE AT TRIAL. PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ELECTRONIC VISUAL EVIDENCE PRESENTER

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES, ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM. THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON. USE OF THE VISUAL PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE. FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

Page 1 of ___

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                              ( ) Defendant                              ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____

Signature:_____

Page __ of __

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____
Signature:_____

## PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )

### ** THIS DOCUMENT WILL BE <u>PROVIDED TO</u> THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7

**CASE NAME:** _____**vs.**_____

**ACTION NO.:** _____

**ASSIGNED JUDGE:** _____

**ASSIGNED MAGISTRATE JUDGE:** _____

     Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case. This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore **must be provided to the Court five (5) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED;**

_____

_____

_____

_____
(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);**

_____

_____

_____

_____
(use additional page if necessary)

i

**A BRIEF STATEMENT OF THE FACTS OF THE CASE;**

_____

_____

_____

_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____

_____

_____

_____

(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE;**

_____

_____

_____

_____

(use additional page if necessary)

ii

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;**

_____

_____

_____ (use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;**

_____

_____

_____

_____
(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;**

_____

_____

_____

_____
(use additional page if necessary)

**THE RELIEF SOUGHT;**

_____

_____

_____
(use additional page if necessary)

iii

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;**

_____

_____

_____
(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;**

_____

_____

_____

_____
(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall be served upon the other parties at the time the statement is provided to the Court. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:  _____

Dated:  _____

**iv**